UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald Edward Pryor                        Case No. 3:14-cv-1649

       Plaintiff

     v.
                                     ORDER

Eric Holder, et al.

       Defendants

     Plaintiff *pro se* Donald Edward Pryor brings this *in forma pauperis* action against the following defendants: Eric Holder, United States Attorney General; United States Attorney, Northern District of Ohio; Bowling Green State University, Firelands College (BGSU); Erie County Sheriff's Department; Huron City Municipal Court; the Sandusky Register; Firelands Counseling & Recovery Services; and Google, Inc. The allegations set forth in the complaint are essentially the same as those in a previous case filed by plaintiff in this court. *See, Pryor v. Mukasey*, N.D. Ohio 3:08 CV 994. In essence, plaintiff alleges that he was employed as a part-time teacher by BGSU in February 2007, at a time when his mother was seriously ill. A Biology Department professor, Christina Genovese, criticized him in front of his students because he had missed a class, and she sat in on one of his class sessions. Plaintiff subsequently sent an email to Genovese, and that email became the basis for a charge of telecommunications harassment against him, of which he was acquitted in July 2007.[1]

---

[1] For a complete summary of plaintiff's allegations, see the Opinion and Order in Case No. 3:08 CV 994, ECF No. 6.

Plaintiff asserts violation of numerous constitutional rights, conspiracy to violate his rights, and an array of state law theories as bases for relief.   For the reasons stated below, this case is dismissed.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).   The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Id.*   Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.*   It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits.   *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).   A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.   *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Even construing the complaint liberally, plaintiff simply does not set forth allegations reasonably suggesting he might have a valid claim, or a claim not otherwise barred by *res judicata* or

2

relevant statutes of limitations. Further, this case essentially duplicates the action in 3:08 CV 994, albeit with some different defendants. Accordingly, plaintiff is hereby cautioned that if he persists in filing duplicative lawsuits, the court may impose sanctions, including a permanent injunction prohibiting him from proceeding *in forma pauperis* in the future and requiring him to pay the entire filing fee. He may also be enjoined from filing any new actions without leave. *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir.1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987).

For the foregoing reasons, this action is dismissed under section 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

    s/James G. Carr  
United States District Judge